UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOMCO, LLC,

    Plaintiff,

v.

Case No. 1:20-cv-1069

Hon. Hala Y. Jarbou

HEARTHSIDE GROVE ASSOCIATION,
et al.,

    Defendants.
_____/

## **OPINION**

FOMCO, LLC, which does business as Hearthside Grove, brought this action against Defendants Hearthside Grove Association (the "Association") and Holiday Vacation Rentals, LLC ("HVR"), asserting various claims under federal and state law. FOMCO provides real estate services, including real estate development and the leasing and management of residential condominiums located within campground developments. (*See* Compl. ¶ 14, ECF No. 1.) One of its developments is named Hearthside Grove, located in Petoskey, Michigan. FOMCO apparently formed a homeowners' association, called Hearthside Grove Association, to manage the common areas of that development. FOMCO is no longer associated with the Hearthside Grove development. Its complaint takes issue with the continued use of the Hearthside Grove name and logo by the Association and by HVR, which advertises, sells, and rents lots at Hearthside Grove. Before the Court is Defendants' motion to dismiss Count VI of the complaint, which asserts a claim under Michigan's Consumer Protection Act (MCPA), Mich. Comp. Laws § 445.901 *et seq.* For the reasons herein, the Court will grant the motion in part, dismissing the claim against HVR.

# I. STANDARDS

Defendants rely on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the complaint. Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction. Rule 12(b)(6) permits dismissal of failure to state a claim.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Assessment of the complaint under Rule 12(b)(6) must ordinarily be undertaken without resort to matters outside the pleadings; otherwise, the motion must be treated as one for summary judgment under Rule 56. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Defendants' argument regarding subject matter jurisdiction is not entirely clear. Defendants apparently contend that, because Count VI fails to state a claim, the Court cannot exercise jurisdiction over it. That argument puts the cart before the horse. The Court must first determine whether it has jurisdiction. If the Court lacks subject matter jurisdiction, then it would be improper for the Court to dismiss Count VI for failure to state a claim.

Here, it is clear that the Court possesses subject matter jurisdiction over Count VI. The Court has original subject matter jurisdiction over the federal claims in the complaint because they arise under federal law. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the other claims, including Count VI, because they are part of the "same case or controversy" as the federal claims. *See* 28 U.S.C. § 1367(a). It is true that the Court can decline to exercise supplemental jurisdiction, but the Court sees no reason to do so at this stage. Thus, the Court will not dismiss Count VI for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Defendants raise three arguments in favor of dismissal for failure to state a claim: (1) Defendants are exempt from the MCPA under Mich. Comp. Laws § 445.904; (2) the MCPA does not apply to a claim where there is no transaction between the plaintiff and defendant and the plaintiff is a business entity; and (3) the MCPA does not apply to the Association because it does not operate a business.

#### 1. Exemption

The MCPA prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.901. By its terms, the MCPA does not apply to a "transaction or conduct specifically authorized under laws administered by a

regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). When determining whether this exemption applies, "the relevant inquiry 'is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited.'" *Liss v. Lewiston-Richards, Inc.*, 732 N.W.2d 514, 518 (Mich. 2007). A general transaction that is not specifically authorized is one that is "'explicitly sanctioned.'" *Id.* at 520.

The parties disagree about what constitutes the relevant "transaction specifically authorized by law." In its complaint, FOMCO's MCPA claim focuses on Defendants' "for-profit real estate services," which FOMCO contends constitute "trade or commerce" under the MCPA. (Compl. ¶ 128.) Here, FOMCO is ostensibly referring to Defendants' "for profit services of the rental and sale of real estate." (*Id.* ¶ 40.) FOMCO alleges that Defendants' use of the Hearthside Grove name has caused consumers to mistakenly do business with Defendants, believing that they were transacting with FOMCO. (*Id.* ¶ 130.) This conduct has "resulted in increased sales of Defendants' real estate services while hindering the sale of Plaintiff's real estate and real estate development services." (*Id.* ¶ 77.) Thus, according to the complaint, the transactions at issue for purposes of the MCPA claim are the rental and sale of real estate.

Real estate brokers and salespersons are regulated by Michigan's Occupational Code, Mich. Comp. Laws § 339.2501 *et seq.*; thus, their real estate transactions are exempt from the MCPA. *See Love v. Ciccarelli*, No. 243970, 2004 WL 981164, at *4 (Mich. Ct. App. May 6, 2004); *Timmons v. DeVoll*, Nos. 241507, 249015, 2004 WL 345495, at *6 (Mich. Ct. App. Feb. 24, 2004). The complaint alleges that the Association "partnered" with HVR, and that the lots for sale or rent are listed on websites owned and operated by HVR. (Compl. ¶¶ 41, 59, 60, 63.) The Court takes judicial notice of public records indicating that HVR is a licensed real estate broker.

4

(*See* ECF No. 15-3.) Thus, HVR's real estate transactions are exempt from the MCPA, whether or not HVR improperly used the Hearthside Grove name in connection with those transactions.

Nevertheless, FOMCO argues that it states a claim against *the Association* because the Association is not a licensed real estate broker. The Association allegedly used the words "HEARTHSIDE GROVE ASSOCIATION . . . in conjunction with for profit services of the rental and sale of real estate," starting in December 2019. (Compl. ¶ 40.) And in August 2020, it allegedly launched a website at www.hearthsidegroveassociation.com "for the rental and sale of real estate." (*Id.* ¶ 57.) FOMCO contends that the relevant "transaction or conduct" is the Association's "commercial use of business names, trademarks, and domain names which are confusingly similar to [FOMCO's] [m]arks." (Pl.'s Resp. Br. 12, ECF No. 27.) In other words, the Association advertised the rental or sale of lots at Hearthside Grove. This conduct, FOMCO argues, is not exempt from the MCPA because the Association is not a licensed real estate broker. As such, its conduct would not be specifically authorized by Michigan's Occupational Code. The Association does not point to any other regulation that "specifically authorizes" its conduct. Consequently, the Association has not shown that, based on the facts the Court can consider at this stage, it is entitled to the exemption in the MCPA.

### 2. Conducting Business

The Association also argues that the MCPA does not apply to it because it does not engage in any business at all. The MCPA applies only to "the conduct of a business providing goods, property, or service[s] . . . . and includes the advertising, solicitation, offering for sale or rent, sale, lease or distribution of a service or property[.]" Mich. Comp. Laws § 445.902(g) (defining "trade or commerce"). Although the Association used the Hearthside Grove name on its website, FOMCO alleges that HVR owned and operated the websites with the real estate listings. Apart from maintaining a website with links to HVR's websites, FOMCO does not allege that the

5

Association itself managed or was involved in the listing, rental, or sale of real estate at Hearthside Grove. Moreover, the Association does not own the lots at Hearthside Grove (Compl. ¶ 48), so there is no reason to believe that it engaged in any transactions for their rental or sale. Simply using a name on a website that directs the user to a real estate broker's website is not conducting a business providing real estate or real estate services.

On the other hand, as FOMCO indicates, the Association's website contains a page titled "Hearthside Grove Association Lot Sales," which states, "Our experienced staff is ready to make your dreams a reality." (ECF No. 1-6, PageID.57.) This page suggests that the Association did more than create a website passively directing users to HVR. The page suggests that the Association's staff was directly involved in marketing the lots for sale in Hearthside Grove. Thus, it is plausible to infer that the Association was involved in the business of "advertising, solicitation, offering for sale" of real estate, on behalf of the lot owners, which is conduct covered by the MCPA.

Defendants point to the Association's by-laws and articles of incorporation to argue that it is a non-profit association, incapable of operating a business engaged in "trade or commerce." However, FOMCO correctly notes that the Association's status at its creation does not rule out the possibility that it has operated as a business since that time, subjecting it to the MCPA. Thus, as to the Association, Defendants' first and third arguments in favor of dismissal of the MCPA claim are not persuasive.

### 3. Business Requirement

Defendants also argue that a claim under the MCPA requires a commercial transaction between the plaintiff and defendant; it does not apply to an action between business competitors who have not entered such a transaction. Defendants' argument finds little support in the text of the MCPA or the case law.

The MCPA permits a "person who suffers a loss as a result of a violation of this act" to bring an action to recover damages. Mich. Comp. Laws § 445.911(2). The MCPA defines "person" as "an individual, corporation, limited liability company, trust, partnership, incorporated or unincorporated association, or other legal entity." Mich. Comp. Laws § 445.902(1)(d). Thus, the text of the MCPA does not preclude a business from bringing claims. Nor does it require a transaction between the plaintiff and the defendant. It simply requires "a loss as a result of a violation." It is not difficult to see how a defendant's use of "deceptive methods" in dealing with consumers, particularly where that deception involves the improper use of the plaintiff's name, could result in a loss to a plaintiff.

Many courts have allowed MCPA claims by a business alleging that conduct by a business competitor has caused confusion in the marketplace through the use of confusingly similar trademarks and domain names. Indeed, courts in the Sixth Circuit have repeatedly stated that, when the MCPA claim is based on a competitor's use of a confusingly similar name, the test for liability under the MCPA *is the same* as the test for liability under claims of unfair competition and trademark infringement. *See, e.g.*, *Coach Servs., Inc. v. Source II, Inc.*, 728 F. App'x 416, 417 (6th Cir. 2018); *Kibler v. Hall*, 843 F.3d 1068, 1082-83 (6th Cir. 2016); *Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1105 (6th Cir. 1991); *Choice Hotels Int'l, Inc. v. Apex Hosp., LLC*, No. 1:11-cv-00896, 2012 WL 2715716, at *2 (W.D. Mich. June 13, 2012). And the Michigan Court of Appeals has said the same thing. *See, e.g., APCO Oil Co. v. Knight Enters., Inc.*, No. 262536, 2005 WL 2679776, at *3 (Mich. Ct. App. Oct. 20, 2005) ("Similar to the Michigan Consumer Protection Act, the Lanham Act prohibits the use of words or symbols in such a way as to likely cause confusion or mistake as to some attribute of a good."). Those statements would make no sense if a business competitor could not bring a claim under the MCPA.

7

Granted, some courts have concluded that a business entity cannot bring a claim because the "trade or commerce" regulated by the MCPA involves "the conduct of a business providing goods, property, or service *primarily for personal, family, or household purposes*[.]" Mich. Comp. Laws § 445.902(1)(g) (emphasis added). When a business purchases a product, the MCPA generally does not apply to that transaction because the corporation's purchase is "primarily for business or commercial rather than personal purposes[.]" *Zine v. Chrysler Corp.*, 600 N.W.2d 384, 393 (Mich. Ct. App. 1999); *accord Slobin v. Henry Ford Health Care*, 666 N.W.2d 632, 634-35 (Mich. 2003). However, the commercial transactions at issue in this case are for the purchase and rental of real estate by "consumers," ostensibly for personal purposes. (*See* Compl. ¶ 50.) Thus, the personal-purpose requirement is satisfied.

Defendants rely on cases concluding that a business could not bring a MCPA claim because the business transaction at issue was not for "personal, family, or household purposes." *See, e.g.*, *Cosmetic Dermatology & Vein Ctrs. of Downriver P.C. v. New Faces Skin Care Ctrs., Ltd.*, 91 F. Supp. 2d 1045, 1060 (E.D. Mich. 2000) ("No purchase or transaction was involved . . . within the meaning of the act," i.e., for personal, family, or household purposes.); *Beaver v. Figgie Int'l Corp.*, No. 87-1362, 1988 WL 64710, at *4 (6th Cir. June 24, 1988) (Plaintiff "did not lease the scaffolding planks to the Board for 'personal, family, or household purposes.'"); *Robertson v. State Farm Fire & Cas. Co.*, 890 F. Supp. 671, 673 (E.D. Mich. 1995) ("Since the coverage sought was not 'primarily for personal, family or household purposes,' the MCPA does not apply."); *Burba v. Mills*, No. 201787, 1998 WL 1990366, at *1 (Mich. Ct. App. Sept. 4, 1998) ("[T]he MCPA does not apply in this case because defendants did not enter into this transaction for personal or household purposes[.]"). For the reasons discussed in the previous paragraph, those cases are distinguishable.

The Court is not persuaded by the reasoning in *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883 (S.D. Ohio 1999), which concluded that the MCPA "does not create a private right of action for a business entity." *Id.* at 893. That court provided little support for its assertion that the "majority of cases" have decided that a business competitor could not bring a MCPA claim. *Id.* at 892. Strangely, that court relied on several federal court decisions in support of its decision, including *Beaver* and *Robertson*, instead of a Michigan Court of Appeals case which held that a business entity could bring a justiciable claim against another company. *See id.* at 892 (citing *Michaels v. Amway Corp.*, 522 N.W.2d 703, 707 (Mich. Ct. App. 1994)). This Court puts more weight on a decision by a state court interpreting its own law than on non-binding decisions by a federal court. Moreover, reliance on the decisions in *Beaver* and *Robertson* was misplaced. As discussed above, those decisions turned on the nature of the transaction at issue rather than the identity of the plaintiff.

### III. CONCLUSION

In short, the Court has jurisdiction over FOMCO's claim. The Court will dismiss the claim against HVR in Count VI because its actions are exempt from the MCPA. However, the Court is not persuaded that FOMCO fails to state a MCPA claim against the Association. Thus, the Court will grant the motion to dismiss Count VI as to HVR only.

An order will enter in accordance with this Opinion.

Dated: June 29, 2021  /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE